**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

| | |
|---|---|
| **GARY HANNEY** | **CASE NO. 6:26-CV-01641** |
| **VERSUS** | **JUDGE S. MAURICE HICKS, JR.** |
| **ACUREN INSPECTION INC ET AL** | **MAGISTRATE JUDGE CAROL B. WHITEHURST** |

## REPORT AND RECOMMENDATION

Before the Court is Defendant Drayage National 4 PG of CA, LLC's ("Drayage") Rule 12(b)(6) Motion to Dismiss. (Rec. Doc. 30). Plaintiff failed to file an opposition; accordingly, the motion is deemed unopposed. (*See* Rec. Doc. 32). The motion was referred to the undersigned magistrate judge for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court. Considering the evidence, the law, and the arguments, or lack thereof, of the parties, and for the reasons explained below, the Court recommends that Drayage's motion be GRANTED.

## Factual Background

On April 14, 2026, Plaintiff filed a Petition for Damages in state court naming Acuren Inspection, Inc., Rockwood Service Corporation, Michael Choronzy, Patiala Carriers, Brandon Adjei, Zurich American Insurance Company, and Drayage as Defendants, after Plaintiff was involved in a motor vehicle accident with vehicles

operated by Michael Choronzy and Brandon Adjei on May 6, 2025. (Rec. Doc. 1-3). Pertinent to the present motion, at the time of the accident Brandon Adjei was within the course and scope of his employment with Patiala Carriers, LLC, both of whom were covered by an insurance policy issued by Drayage. (*Id.* at ¶¶ 6-7).

The matter was removed on May 19, 2026, pursuant to 28 U.S.C. § 1332. (Rec. Doc. 1). Drayage filed the present motion on June 8, 2026. (Rec. Doc. 30). On July 6, 2026, Plaintiff filed an Amended Complaint wherein both Zurich American Insurance Company and Drayage were removed as named Defendants, and no allegations were made against them. (Rec. Doc. 40). On July 15, 2026, Plaintiff filed a motion to voluntarily dismiss Zurich American Insurance Company (Rec. Doc. 41), which was granted on July 16, 2026. (Rec. Doc. 42). No similar motion was made for Drayage.

## **Applicable Law**

### **I. Law applicable to Rule 12(b)(6)**

To survive a Rule12(b)(6) motion to dismiss, the plaintiffs must plead enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 663, (2009)(quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007)). A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 663. A court must accept all well-pleaded

facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 232–33 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). But the Court is not bound to accept as true legal conclusions couched as factual allegations. *Iqbal*, 556 U.S. at 678.

Drayage maintains that Plaintiff's claims against it must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because the 2024 amendment to the Louisiana Direct Action Statute prohibits "direct action suits against insurers in cases like this one in which the insurer is not raising any coverage defenses." (Rec. Doc. 30-1, p. 1).

## II. Louisiana Direct Action Statute (La. R.S. 22:1269)

On August 1, 2024, the amendments to Louisiana's Direct Action Statute went into effect. Prior to the relevant amendment, a plaintiff could bring suit directly against an insurer jointly and *in solido* with its insured. Now, direct action suits against insurers are limited to enumerated exceptions.

Pursuant to La. R.S. 22:1269(B):

> The injured person or, if deceased, the persons identified in Civil Code Articles 2315.1 and 2315.2, shall have no right of direct action against the insurer unless at least one of the following applies:
>
> (a) The insured files for bankruptcy in a court of competent jurisdiction or when proceedings to adjudge an insured bankrupt have been commenced before a court of competent jurisdiction.
>
> (b) The insured is insolvent.

(c) Service of citation or other process has been attempted without success or the insured defendant refuses to answer or otherwise defend the action within one hundred eighty days of service.

(d) When the cause of action is for damages as a result of an offense or quasi-offense between children and their parents or between married persons.

(e) When the insurer is an uninsured motorist carrier.

(f) The insured is deceased.

(g) When the insurer is defending the lawsuit under a reservation of rights, or the insurer denies coverage to the insured, but only for the purpose of establishing coverage.

Here, the accident occurred after the amendment's effective date, and the case was filed after the amendment's effective date. Drayage maintains that none of the enumerated exceptions apply. This Court agrees. Further, Plaintiff has since amended their complaint to remove Drayage as a named Defendant and did not oppose this motion. Accordingly, the Court recommends that Drayage's Motion to Dismiss be granted.

## **Conclusion**

For the reasons discussed herein, it is recommended that Drayage's Motion to Dismiss (Rec. Doc. 30) be granted.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this

report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error. See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. §636(b)(1).

THUS DONE in Chambers, Lafayette, Louisiana on this 31srday of July, 2026.

CAROL B. WHITEHURST
UNITED STATES MAGISTRATE JUDGE